THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARLOS A. RAMIREZ, )
         Plaintiff )
)
V. )   CIVIL ACTION NO.
)   05-10998 JLT
MICHAEL CHERTOFF, as Secretary of the )
Department Homeland Security; EDUARDO )
AGUIRRE, as Acting Director of the Bureau of )
Citizenship & Immigration Services; DENNIS C. )
RIORDAN, District Director of the Bureau of )
Citizenship & Immigration Services for Boston, )
Massachusetts, )
         Defendants )

### OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

NOW comes the plaintiff, Carlos A. Ramirez, by and through the undersigned counsel, and hereby requests this Honorable Court to deny the defendants' motion to dismiss.

### Lack of Subject Matter Jurisdiction – Definition of "Examination"

The defendants' motion to dismiss is premised upon a theory that this court lacks the authority to hear this case because the 120-day period that the Department of Homeland Security has been granted to render a decision on the plaintiff's application for naturalization has not expired.

According to the government since 8 USC 1446(a) allows the Department of Homeland Security to conduct, at the Secretary's discretion, a personal investigation of an applicant, and because 8 USC 1446(b) provides department officials with the ability to "subpoena"

documents and witnesses and because that Congress intended the Examination period to be expanded virtually indefinitely.

The government also contends when Congress enacted Public Law. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, a provision that obliges the Department of Homeland Security to obtain a notification from the FBI that a background investigation has been completed prior to adjudication of a naturalization application, that it was either extending the "examination" period as a matter of law "ad infinitum" or that it was eliminating the 120-day provision of 8 USC 1447(b).

Neither of these positions is supported by the statutes, the cases that have interpreted them, or the Congressional records that preceded them. In fact the in the only appellate decision that has reviewed this provision it has held that the district court exclusive jurisdiction over naturalization applications because INS (USCIS) had failed to act within 120 days of the applicant's *first interview*. (See *United States v. Hovsepian*, 359 F3d 1144, 1151 (2004, CA9 Cal) emphasis added)

There have been several other courts that have followed the 9th Circuit's holding including the Eastern District of New York in *Zaranska v. United States Dep't of Homeland Security*, 2005 U.S. Dist. LEXIS 17559 (E.D.N.Y. July 18, 2005), a decision in which noted that its analysis of 8 USC 1447(b) was aided by the unanimous en banc decision of the United States Court of Appeals for the Ninth Circuit. See *United States v. Hovsepian*, 359 F3d 1144 (2004, CA9 Cal) (en banc). The *Zaranska* Court stated that the

Ninth Circuit in *Hovsepian* conducted a review of the text of section 1447(b), the context of statutory provisions, and the intent of Congress in enacting the statute when the court concluded that the statute grants exclusive jurisdiction in the federal courts in the situation that the USCIS did not decide a naturalization application 120 days after the agency examined the applicant, and the applicant thereafter applied to federal court for a hearing. (See *Zaranska v. United States Dep't of Homeland Security*, 2005 U.S. Dist. LEXIS 17559 (E.D.N.Y. July 18, 2005) quoting *United States v. Hovsepian*, 359 F.3d at 1159-64.)

The notion that the statute defines an "examination" as an elusive period of time in which the Department of Homeland Security may conduct intergovernmental investigations is contrary to the clear language used in the statute. Had Congress intended to modify the provisions of 8 USC 1447 to enlarge the running of the 120-day period they would have done so through an amendment.

The government has based its argument largely upon a decision issued by the U.S. District Court for the Eastern District of Virginia, *Danilov v. Aguirre*, 370 F. Supp. 2d 441 (D. Va. 2005). However other Districts that have reviewed this issue in light of that decision have chosen not to follow it. The U.S. District Court for Pennsylvania issued a particularly poignant criticism of the *Danilov* court's decision in *El-Daour v. Chertoff*, 2005 U.S. Dist. LEXIS 18325 (D. Pa. 2005) when it noted:

> "I do not find the Danilov decision to be persuasive for several reasons. First, I note that the decision was issued without benefit of briefing by the plaintiff. The case appears to have presented an issue of first impression in

3

the Fourth Circuit Court, the Danilov court does not cite to any case law as authority for its interpretation of § 1447(b) and independent research did not reveal any either. I have had a benefit not bestowed upon the Danilov court - a response by the naturalization applicant to the defendants' argument that subject matter jurisdiction is lacking." (See *El-Daour v. Chertoff*, 2005 U.S. Dist. LEXIS 18325 (D. Pa. 2005))

It is fairly clear that the prevailing judicial sentiment is that Congress intended the 120 day deadline to be an actual deadline, not an ethereal nonexistent period as the government suggests. If this Court were to accept that the examination period continues until the USCIS determines it should stop then in effect there would never be a 120 day period, or at least not a period that the applicant would have notice of and that clearly was not the intent of Congress.

## Remand to the USCIS

The court should also note that in this particular case the extensive delay by the government has been unwarranted under any circumstances.

According to testimony present to Congress the time period necessary to perform "background checks" for the purpose of immigration related issues is relatively small.

According to the former FBI Acting Assistant Director's testimony before Congress, 86 to 92% of the name-check requests are completed in 30 days and 98-99% of the requests are resolved in 120 days. (See *The FBI's VISA Name Check Process*, Testimony of Robert J. Garrity, Jr., Acting Assistant Director, Records Management Division, FBI

4

Before the House of Representatives, Committee on Government Reform (July 10, 2003))

Furthermore a report that was presented to Congress in 2004 noted that when a person applies for a visa at a U.S. consulate, a fingerprint scan is taken of his right and left index fingers. These prints are then transmitted from the overseas post through servers[1] at State to DHS's IDENT system, which searches its records and sends a response back through State to the post.[2] According to the Department of State data, the entire process generally takes about 30 minutes and if the computer cannot make an initial determination then the matter is referred to DHS fingerprint experts, who have up to 24 hours to return a response to State. (See GAO-04-1080T *'Border Security: Joint, Coordinated Actions by State and DHS Needed to Guide Biometric Visas and Related Programs'* (September 09, 2004))

Any indication that the government needs almost two years to assess the security risks of Mr. Ramirez is dubious and should require that this court maintain jurisdiction of this case to verify the veracity of such a contention.

This matter should not be remanded to the USCIS for further proceedings. The USCIS has had ample time to render its decision and has failed to do so despite the plaintiff

---

[1] A server is a computer on a network that manages network resources, such as storing files, managing printers, managing network traffic, or processing database queries. (See GAO-04-1080T 'Border Security: Joint, Coordinated Actions by State and DHS Needed to Guide Biometric Visas and Related Programs' (September 09, 2004))

[2] In a hit record, information is included on the person's previous entry in the system, either at a port of entry or U.S. consulate, or through the watch list. (See GAO-04-1080T 'Border Security: Joint, Coordinated Actions by State and DHS Needed to Guide Biometric Visas and Related Programs' (September 09, 2004))

consistent and tireless efforts, including the preparation and filing of an application for naturalization, attendance at a fingerprinting appointment, the attendance at a naturalization examination and 14 letters to USCIS requesting adjudication since August 8, 2004.

The affidavit submitted by the defendants' in support of their motion does not indicate that the "examination" period has been continuing because they have been performing exhaustive investigations. The affidavit merely states that Mr. Ramirez's fingerprints have not been completed and are still pending. (See Affidavit of Denis Riordan, ¶ 5)

This is specifically the type of case that Congress intended to be subject to judicial intervention. Mr. Ramirez is almost 60 years old and has been attempting to have his application decided since he filed his initial application in 2003 and therefore an order to remand to the USCIS for further adjudication is inappropriate under the circumstances.

## Conclusion

WHEREFORE the plaintiff requests that this Honorable Court deny the defendants' motion to dismiss and proceed with a hearing to determine whether the plaintiff may be naturalized as a citizen of the United States.

The Plaintiff,
By his Attorneys,

_____
Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile  (617) 523-6324
dfitzgerald@fitzgeraldlawcompany.com
Bar No. 634881

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2005, I delivered a true and accurate copy of the foregoing documents, Opposition to Defendant's Motion to Dismiss, to the opposing party or counsel, by first class postage prepaid to the following address:

Mr. Damian W Wilmot
U.S. Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210

_____
Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile  (617) 523-6324
dfitzgerald@fitzgeraldlawcompany.com
Bar No. 634881