THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS A. RAMIREZ,<br>      Plaintiff<br><br>V.<br><br>MICHAEL CHERTOFF, as Secretary of the<br>Department Homeland Security; EDUARDO<br>AGUIRRE, as Acting Director of the Bureau of<br>Citizenship & Immigration Services; DENNIS C.<br>RIORDAN, District Director of the Bureau of<br>Citizenship & Immigration Services for Boston,<br>Massachusetts,<br>      Defendants | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  05-10998 JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO RECONSIDER DECISION

NOW comes the plaintiff, Carlos A. Ramirez, by and through the undersigned counsel, and hereby requests this Honorable Court to reconsider its decision of January 18, 2006.

<u>Order Compelling the Service to complete citizenship examination and render a final determination</u>

The Plaintiff filed a complaint with this Honorable Court pursuant to Section 336 (b) of the Immigration and Nationality Act, 8 U.S.C. § 1447 (b). The Plaintiff requested that this Honorable Court make a final determination on his application for naturalization. Under section 1447 (b), United States district courts have jurisdiction to determine the outcome of an application for naturalization or to remand the matter to the Service with appropriate instruction if the Service fails to adjudicate an application before 120-days after an examination.



> "If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447 (b).

In response to Plaintiff's complaint the Defendants (the "Service") filed a motion to dismiss for lack of subject matter jurisdiction or in the alternative to remand. The Service argued that the examination period had not yet ended since the Service was required to perform a thorough background check on all applicants for naturalization under 8 U.S.C. § 1446 (a). Hence, the Service argued that the statutory 120-day period did not commence; therefore, the court lacked subject matter jurisdiction under 8 U.S.C. § 1447 (b). In the alternative, the Service requested that the matter be remanded to allow the Service the opportunity to finish a Federal Bureau of Investigation background check on the Plaintiff. This Honorable Court rendered a decision denying the defendants motion to dismiss but allowed the Service's request for remand and ordered the Service to *complete* the Plaintiff's naturalization examination and to render a final determination on Plaintiff's application for naturalization no later than March 24, 2006. (emphasis added).

In the case at bar, the Plaintiff appeared before the Service for an examination on March 24, 2004. Pursuant to 8 C.F.R. § 335.2 (b), the Service can only notify an applicant for naturalization to appear before a Service officer for an initial examination once the Federal Bureau of Investigation has conducted a full background check of the applicant.

2

> "Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2 (b)

It is clear from provision 335.2 (b) that the Service could only have notified the Plaintiff to appear before the Service for an examination, on March 25, 2004, if a definitive response from the Federal Bureau of Investigation had been completed. However, the Service had argued that it could not approve or deny the Plaintiff's application for naturalization solely on the grounds that is had not had the opportunity to fully investigate the applicant's criminal history. The Service's response to the Plaintiff's complaint is contrary to their own regulations under provision 335.2 (b).

Congress included section 1447 (b) when it passed the Immigration and Nationality Act in order to ensure the procedural due process rights of individuals like the Plaintiff. This Honorable Court should amend its decision and deny the Service's request to remand. This Honorable Court should not reward the Service for their own regulatory violations at the expense of the Plaintiff.

## Conclusion

WHEREFORE the plaintiff requests that this Honorable Court approve this motion to reconsider and make a determination on the Plaintiff application for naturalization.

3

The Plaintiff,
By his Attorneys,

_____
Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile (617) 523-6324
dfitzgerald@fitzgeraldlawcompany.com
Bar No. 634881

## CERTIFICATE OF SERVICE

I, Desmond P. FitzGerald, do hereby certify that I have served a true and accurate copy of the forgoing, Plaintiff's Motion to Reconsider Decision, by mailing a copy thereof to Mr. Damian W. Wilmot, Assistant United States Attorney, 1 Courthouse Way, Room 9200 Boston, MA 02210, this 7th day of February, 2006.

Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone 617.523.6320
Facsimile 617.523.6324
dfitzgerald@fitzgeraldlawcompany.com
BBO No. 68344